# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIMBERLY A. LAMP,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0926**  (BOR Appeal No. 2046836)
(Claim No. 2002006188)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CAMDEN CLARK MEMORIAL HOSPITAL CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kimberly A. Lamp, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 13, 2012, in which the Board affirmed a December 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 28, 2010, January 28, 2011; May 26, 2011; and May 27, 2011, decisions denying multiple requests for medical treatment.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1] Ms. Lamp does not appeal the Board of Review's decision affirming the claims administrator's September 28, 2010, denial of authorization for a repeat lumbar spine MRI, or the Board of Review's decision affirming the claims administrator's January 28, 2011, denial of authorization for Ambien, Zoloft, Topamaz, Imitrex, and Prevacid.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lamp filed a report of injury on June 18, 2001, indicating that she was injured while carrying radiographic films and their jackets to and from viewing rooms while employed as a radiographic clerk at Camden Clark Memorial Hospital. The claim was held compensable and Ms. Lamp underwent extensive lumbar spine surgery to treat the compensable injury. Michael Shramowiat, M.D., began treating Ms. Lamp following the compensable injury, and he continued to treat her on a conservative basis following the lumbar spine surgery. Dr. Shramowiat treated Ms. Lamp with a combination of various medications and trigger point injections. On September 28, 2010, the claims administrator denied a request from Dr. Shramowiat for authorization for a repeat lumbar spine MRI. On January 28, 2011, the claims administrator denied a request from Dr. Shramowiat for authorization of the medications Methadone, Ambien, and Zoloft. On May 26, 2011, the claims administrator denied a request for authorization of bilateral mid and lower lumbar trigger point injections. On May 27, 2011, the claims administrator denied a request from Dr. Shramowiat for authorization of the medications Lortab, Lyrica, Flexeril, Topamax, Imitrex, and Prevacid. On August 23, 2011, ChuanFang Jin, M.D., performed an independent medical evaluation. She diagnosed Ms. Lamp with chronic back pain with underlying degenerative disc disease that likely pre-existed the compensable injury. She found that Ms. Lamp had reached maximum medical improvement, and opined that her current condition is likely the result of pre-existing degenerative disc disease.

In its Order affirming the September 28, 2010; January 28, 2011; May 26, 2011; and May 27, 2011, claims administrator's decisions, the Office of Judges held that the requested medical treatment is necessitated by non-compensable degenerative changes. As previously noted, Ms. Lamp has not appealed the denial of authorization for a repeat lumbar MRI or the denial of authorization for Ambien, Zoloft, Topamaz, Imitrex, and Prevacid.

The Office of Judges found that Ms. Lamp has made prior requests for additional medical treatment which were denied based on the reports of Charles Lefebure, M.D.; Prasadarao Mukkamala, M.D; and Saghir Mir, M.D., who all opined that Ms. Lamp has reached maximum medical improvement and determined that her current symptomology stems from pre-existing degenerative changes unrelated to the compensable injury. The Office of Judges then concluded that the same reasoning applies in the instant appeal. Moreover, in addition to Drs. Lefebure, Mukkamala, and Mir, Dr. Jin has also opined that Ms. Lamp has reached maximum medical improvement and concluded that her current symptomology stems from pre-existing degenerative changes. The Office of Judges concluded that the preponderance of the evidence indicates that Ms. Lamp's current condition is the result of non-compensable degenerative changes, and held that the requested medical treatment is therefore not reasonably required for the treatment of the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of July 13, 2012. We agree with the reasoning of the Board of Review and its conclusions that authorization for the requested trigger point injections and the medications Methadone, Lortab, Lyrica, and Flexeril were properly denied.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II